UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ISAAC COLLIER, JR. #242207,

                    Plaintiff,

        v.

UNKNOWN NIGORNI, et al.,

                    Defendants.
_____/

Case No. 1:25-cv-80

Hon.  Robert J. Jonker
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This Report and Recommendation (R. & R.) addresses Defendant's motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies. ECF No. 26.

Plaintiff – state prisoner Isaac Collier, Jr. – filed a civil complaint under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Eighth Amendment while he was a prisoner at the Carson City Correctional Facility (DRF). ECF No. 1.  Plaintiff named five defendants in his Complaint.  Following screening, only two Defendants remained – Nurse Unknown Nigorny and Dr. Unknown Wuest. ECF No. 5, PageID.64.  This Court subsequently dismissed Nurse Nigorny due to Plaintiff's failure to exhaust administrative remedies.  ECF No. 23 (Order Adopting

Report and Recommendation).  At this point in the case, Dr. Wuest is the only remaining Defendant.[1]

Plaintiff alleges that he hurt his leg during an altercation on February 8, 2023. ECF No.1, PageID.3.  He says that he called Dr. Wuest on February 9, 2023, to examine the leg causing him pain.  *Id.*  Plaintiff asserts that Dr. Wuest jabbed his leg, berated him, and refused to perform an x-ray.  *Id.*  Plaintiff claims Dr. Wuest was deliberately indifferent to his medical concerns in violation of his Eighth Amendment rights.

Defendant Dr. Wuest asserts that Plaintiff's remaining claim should be dismissed because Plaintiff filed his Step I grievance nearly five months past the due date.  ECF No. 27, PageID.327.  In response, Plaintiff argues that the factual allegations of his case are intertwined with the issue of exhaustion.  ECF No. 31, PageID.344.  In reply, Defendant asserts that Plaintiff's claims are unverified and this Court previously rejected Plaintiff's argument in Defendant Nigorny's motion for summary judgment.  ECF No. 36, PageID.407.

The undersigned respectfully recommends that the Court grant Defendant's motion for summary judgment.  The records before the Court establish that no genuine issue of material fact remains with respect to the issue of Plaintiff's exhaustion of his administrative remedies.

---

[1]   It should be noted that Nurse Nigorni was represented by an Assistant Attorney General who chose to file a summary judgment motion based on exhaustion very early in the progression of this case.  This R. & R. references some of the documents filed with that earlier motion.

## II.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[2] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.  Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove.  *Jones v. Bock*, 549 U.S. 199, 212-16 (2007).  "[W]here the moving party has the burden -- the plaintiff on

---

[2]    The Seventh Amendment does not always require courts to submit factual disputes about exhaustion to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).  However, when the exhaustion issue is intertwined with the merits of a claim, the Seventh Amendment requires a jury trial on the exhaustion issue. *Perttu v. Richards*, 605 U.S. 460, 479, 145 S.Ct. 1793, 1807 (2025).

a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).   "Compliance with prison grievance procedures, therefore, is all that is

4

required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218-19.  In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524.  In the Court's view, this objective was achieved in three ways.  First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Id.* at 525.  Second, "the internal review might 'filter out some frivolous claims.'"  *Id.* (quoting *Booth*, 532 U.S. at 737*).*  And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* When institutions provide adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective September 25, 2023) sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to

informally resolve a grievable issue within two business days of becoming aware of the issue, unless prevented by circumstances beyond his or her control.  *Id.* at ¶ W. If informal resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted informal resolution.  *Id.* at ¶¶ W, CC.  The inmate submits the grievance to a designated Grievance Coordinator, who assigns it to a respondent.  *Id.* at ¶ CC.  The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ Y (emphasis in original).

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance

procedure. As the well known proverb states, they cannot have their cake and eat it too.").

However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit. For example, where an inmate claims that he received a retaliatory false misconduct, whether a Class I misconduct or a Class II or III misconduct[3], the inmate must first raise the issue during the Misconduct Hearing. *Siggers v. Campbell*, 652 F.3d 681, 693−94. If the inmate is claiming to have received a retaliatory Class I misconduct, he or she must then must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Siggers*, 652 F.3d at 693−94.

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom

---

[3] Violations of written rules within the MDOC are classified as either Class I, Class II or Class III misconducts. Class I consists of the most severe violations, and Class III consists of the least severe. While Class I misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III misconducts are considered "minor" misconducts and are "subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts." MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

he seeks relief.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process.").  An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325.    We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590−91 (6th Cir. 2017).[4]

**IV. Verification**

In ruling on a summary judgment motion, a court must decide whether a genuine issue of material fact remains.  Fed. R. Civ. P. 56(a).  The materials a court may consider in making this assessment are identified in Fed. R. Civ. P. 56(c). Courts, however, allow a plaintiff to rely on a "verified complaint," which has "'the same force and effect as an affidavit' for purposes of responding to a motion for summary judgment." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (quoting *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir.1992)).  To qualify as "verified," a complaint must be executed in a manner that meets the requirements set forth in 28 U.S.C. § 1746.  *Id.*  In contrast, complaints that are unverified are not considered

---

[4]    In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints."  *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization did not grieve the claim that the doctor erred by not prescribing Ranexa.

Rule 56 evidence.  *Cooper v. Parker*, No. 2:17-CV-00155, 2019 WL 5273967, at *2 (W.D. Mich. Aug. 29, 2019) (citations omitted), report and recommendation adopted, No. 2:17-CV-155, 2019 WL 4686423 (W.D. Mich. Sept. 26, 2019).

The undersigned recognizes that *pro se* plaintiffs, like Collier, are held to a less stringent pleading standard than parties represented by an attorney.  *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).  At the summary judgment stage, *pro se* plaintiffs are thus not held to the same technical requirements as represented parties.  Still, *pro se* plaintiffs must use common sense in demonstrating there exists a genuine issue of material fact.  A review of the record indicates that Collier's complaint and response lack declarations of veracity as called for in 28 U.S.C. § 1746. ECF No. 1; ECF No. 21.  As such, neither his complaint nor his response constitutes evidence for Rule 56(c) purposes.

### V. Grievance Identified by Defendant

In Nurse Nigorny's earlier motion for summary judgment, ECF No. 20 (filed June 23, 2025), she identified the following Step I grievance – identified as DRF 23-07-1747-28E (hereinafter "DRF-1747"):

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE FORM

4835-4247  10/94
CSJ-247A

Date Received at Step I ___7/18/23___   Grievance Identifier: DRF23307 1747 088

Be brief and concise in describing your grievance issue.  If you have any questions concerning the grievance
procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| ISAAC Collier | 242207 | URF | M-327 | 2-8-23 | 7-2-23 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _____
If none, explain why. The only Resolve that Could have occured, was
to Send me directly to the Nearest emergency Room,
(Hospital)

State problem clearly.  Use separate grievance form for each issue.  Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form.  The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

See Attached

*Isaac Collier*
Grievant's Signature

RESPONSE (Grievant Interviewed?   ☐ Yes  ☑ No    If No, give explanation.  If resolved, explain resolution.)

REJECTED
UNTIMELY

| Respondent's Signature | Date 8/3/23 | Reviewer's Signature ADW K. Nevins | Date 8-3-23 |
|---|---|---|---|
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) ADW K. Nevins | Working Title ADW |

| Date Returned to Grievant: 8/3/23 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

ECF No. 20-3, PageID.285.  The grievance response shown above indicates that DRF-
1747 was rejected as untimely.

Additionally, Collier's Step III Grievance Report is shown below:



| | MDOC Prisoner Step III Grievance Report | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1/1/2019 to Present | | | | | | | | | |
| **Prisoner #:** 242207 | **Last Name:** Collier | | | | | **First Name:** Isaac | | | | |
| Step III Rec'd | Grievance Identifier | Grievance Catagory | Facility | Step I Received Date | Resolved | Partially Resolved | Denied | Rejected | Closed | Date Mailed |
| 11/8/2023 | DRF-23-07-1747-28E | 28E | 5 | 7/18/2023 | ☐ | ☐ | ☐ | ☑ | ☑ | 11/14/2023 |

Notes:

*Id.*, PageID.281.  This report confirms that DRF-1747 was rejected.

## VI. Analysis

Dr. Wuest's present motion relies heavily on this Court's previous analysis of Nurse Nigorny's motion for summary judgment based on exhaustion.  There, the undersigned considered the same grievance identified in Dr. Wuest's motion and concluded that DRF-1747 was untimely and that Plaintiff's unverified allegations of thwarting failed to create a genuine issue of material fact.  ECF No. 22, PageID. 311; ECF No. 23 (Order adopting R. & R.).

Here, the analysis is largely the same.  At Step I of DRF-1747, Collier stated the date of the incident was February 8, 2023.  ECF No. 20-3, PageID.285.  Yet, as shown above, Collier indicated that he wrote the grievance on July 2, 2023.  *Id.*

"[P]roper exhaustion" requires that the plaintiff comply with the administrative agency's deadlines and "critical procedural rules," such as time limits for filing grievances. *Woodford*, 548 U.S. at 90−95. MDOC policy provides that a grievance shall be rejected if filed in an untimely manner. PD 03.02.130 ¶ (J)(5). Grievances are considered filed on the date they are received by the Department and must be stamped as such. *Id.*, ¶ T. When filing a Step I grievance, inmates must

11

attempt to resolve the issue with the relevant staff member within two business days of the relevant events. *Id.*, ¶ Q. To be considered timely, a Step I grievance must be filed **within five business days** of their attempt to resolve the issue with staff. *Id.*, ¶ W (emphasis added). Step II appeals must be received by the Grievance Coordinator within ten business days after the grievant received a Step I response or, if no response is received, within ten business days after the date the response was due. *Id.*, ¶ EE.

In DRF-1747, Collier filed his Step I grievance almost five months after the relevant events he alleges occurred. ECF No. 20-3, PageID.287. Subsequently, the Respondent rejected DRF-1747 at Step I for being untimely and upheld that rejection through Step III. *Id.*, PageID.282.

In response to the present motion, Collier argues that the issue of exhaustion is intertwined with the facts of the case. ECF No. 31, PageID.344. The United States Supreme Court recently held that "parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Perttu v. Richards*, 605 U.S. 460, 468 (2025). In *Perttu*, an inmate alleged that a prison employee violated his First Amendment rights when the employee destroyed grievance documents and retaliated against the inmate for attempting to file the documents. *Id.* at 464.

Unlike in *Perttu*, Collier's factual allegations are not intertwined with the issue of exhaustion. Collier asserts that Dr. Wuest was deliberately different to his medical needs. He does not allege that Dr. Wuest hindered his ability to file a grievance. In

12

his response, Collier argues that the facts are intertwined because "someone refused to file his grievance after [he] had written them and given them to the staff while in the segregation unit." ECF No. 32, PageID.350. Collier does not identify a throughline between his factual allegations concerning Dr. Wuest and these apparent thwarting assertions. Furthermore, none of Collier's thwarting assertions are verified. Thus, in the opinion of the undersigned, the factual allegations are not intertwined.

In the opinion of the undersigned, Collier has failed to properly exhaust his administrative remedies regarding his claim against Dr. Wuest. Collier filed DRF-1747 nearly five months late and the grievance was rejected at Step I as untimely. That objection was upheld through Step III. Additionally, Collier has not established that the factual allegations of his unverified Complaint are intertwined with the issue of exhaustion. Accordingly, Collier has failed to establish a genuine issue of material facts regarding exhaustion of his administrative remedies.

## VIII. Recommendation

The undersigned respectfully recommends that the Court grant Defendant Dr. Wuest's motion for summary judgment. The records before the Cour establish that no genuine issue of material fact remains with respect to the issue of Plaintiff's exhaustion of his administrative remedies.

The undersigned respectfully recommends that this Court dismiss Plaintiff's Eighth Amendment deliberate indifference claim against Dr. Wuest. If the Court accepts this recommendation, no claims will remain in this case.

Dated:   March 20, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES:**

Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).